## In re BLUE TOP FAMILY RESTAURANT, INC., Debtor.

Bankruptcy No. 87–525E.
Motion No. 89–1275.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 23, 1990.

Bernhard Schaffler, Pittsburgh, Pa., for debtor.

Mark M. Ristau, Warren, Pa., trustee.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Counsel for the debtor has applied for compensation in the amount of $5,427.50 and reimbursement of expenses of $658.45. Counsel had obtained a retainer from the debtor prior to the commencement of the case in the amount of $5,000. Hence, the net fee application is for $427.50 and $658.45 in expenses.

The trustee's First and Final Account shows that the total receipts of the Chapter 7 trustee were $5,000, derived from the sale of the debtor's restaurant equipment.

Outstanding unpaid Chapter 11 administrative expenses include:

| | |
|---|---|
| Mark S. McKinley, CPA, for accounting services | $2,015.89 |
| Commonwealth of PA, Sales Tax and Employer Withholdings | 1,614.39 |
| Internal Revenue Service, wage taxes | 7,453.40 |
| | $11,083.68 |

No explanation is given as to why this debtor, while in Chapter 11, was allowed to build up administration indebtedness which cannot be paid because there are insufficient assets.

The case was commenced in October 1987. The case languished for lack of progress; prodding by the court produced the explanation by counsel that the debtor expected to sell property at a high value and thereby, satisfy creditors. That may have been an admirable purpose but, while awaiting such a hoped-for but unattained development, additional creditors were injured. Counsel may not intentionally or negligently allow his client to use the protection of the Bankruptcy Court to incur further debt which cannot be paid. Counsel filing cases in this court on behalf of debtors, in order to obtain the relief and protection accorded by the Bankruptcy Code, stand in a fiduciary relation to their

clients, the prepetition creditors and the postpetition creditors; inflicting further damage on those parties is a violation of that fiduciary duty.

Also, the use of the bankruptcy system and a lawyer's talent to inflict further harm on innocent parties, is an abuse of the system. The purpose of the system is to provide an equitable division of the assets and to give the debtor a fresh start. Here, that purpose was frustrated. The assets which, prepetition, were available to creditors, have been denied them. In addition to dissipation of assets which were subject to the claims of prepetition creditors, we have here postpetition Chapter 11 expenses which were incurred while the debtor was under the court's protection, which cannot be paid. This outcome is embarrassing to the court and should be embarrassing to counsel.

The fees and expenses of counsel for the debtor are hereby fixed at $1,500. The counsel for the debtor will be ordered to refund to the trustee the sum of $3,500.